IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NOUIS TECHNOLOGIES, INC.,

               Plaintiff,

    v.

POLARIS INDUSTRIES INC.,
POLARIS INDUSTRIES INC., and
PLARIS INDUSTRIES MANUFACTURING LLC,

               Defendants.

ORDER

14-cv-233-jdp

---

The Polaris defendants moved to compel plaintiff Nouis Technologies to provide a more complete answer to a contention interrogatory seeking Nouis's infringement theories. Dkt. 77. Polaris contends that Nouis's response did not include sufficient information for Polaris to prepare its defense against Nouis's infringement arguments. Nouis contended that Polaris was, in essence, asking for early disclosure of its expert's opinions. Dkt. 79.

Magistrate Judge Crocker granted the motion, but only in part. Dkt. 82. Judge Crocker ruled that Polaris would be entitled to a more complete response to the contention interrogatory after Nouis disclosed its expert opinions in October 2015. Judge Crocker also ruled that Nouis did not have to disclose privileged information or confidential information from the parties' attempted mediation.

Polaris now objects to Judge Crocker's decision under Federal Rule of Civil Procedure 72(a).[1] Dkt. 83. Rule 72 requires me to overrule any part of Judge Crocker's order that is

---

[1] Polaris asks the court to resolve "inconsistencies" between its patent litigation policies and Judge Crocker's policies. But there is no inconsistency between the parties; both parties have been held to the same standard, though neither party exchanged claim charts. Claim chart form is preferred, but none of the orders in this case required them.

clearly erroneous or contrary to law. After considering both the objection and the underlying motion, I overrule Polaris's objections. Judge Crocker's order stands.

This is not the first time that the parties in this case have accused each other of withholding sufficient information about their positions. *See, e.g.*, Dkt. 76 (denying motion to strike affirmative defenses). The parties are each entitled to sufficient information to put them on notice of their opponent's contentions so that they may effectively litigate the case. But neither side is entitled to more than the Federal Rules of Civil Procedure or the court's scheduling orders allow. Nor can a party disclose information that is not yet available to it. *See* Fed. R. Civ. P. 33(b)(1). In a patent infringement case in this court, early disclosure of a party's theories of the case is required. But a party's contentions will be disclosed in stages, partly in the pleadings, in more detail in response to interrogatories, and fully (or nearly so) with the disclosure of expert reports. Nouis has adequately responded to Polaris's contention interrogatories, although it will have to supplement them again after its expert disclosures.

I will take this opportunity to clarify the status of the very useful "practice expectations" document available from the Western District Bar Association. The practice expectations for patent cases assigned to me will be implemented in future scheduling orders. Those practice expectations, which are intended to clarify the parties' disclosure obligations, represent good practices. But if there is any conflict between a scheduling order and the practice expectations, the order governs.

One final point. Nothing in those practice expectations, or in future scheduling orders, is intended to limit a party's ability to use contention interrogatories. But a party cannot by means of a contention interrogatory force the early disclosure of the other side's expert evidence.

2

IT IS ORDERED that Polaris's objection to Magistrate Judge Crocker's order, Dkt. 83, is OVERRULED.

Entered July 28, 2015.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge